UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:06CV77

| | |
|---|---|
| CHARLES A. DAVIS, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>IN REM: ALLEGED LIEN AND /OR )<br>LEVY FILER [ALLEGED SIGNATURE )<br>"C. SHERWOOD"], )<br>    Defendant. )<br>_____ ) | Memorandum and Order |

**THIS MATTER** is before the Court upon the United States' Motion To Dismiss, filed June 27, 2006. (Document #3) In response, the Plaintiff, Charles A. Davis ("Davis"), acting *pro se*, submitted a filing entitled, "Response To Motion Of Defendants To Dismiss Action," filed July 10, 2006, which the Court construes as a Motion For Remand.[1] (Document #4) The Government filed a reply brief on July 13, 2006. (Document #5)

**I. Background**

This civil action was commenced by Davis in the Superior Court of Iredell County, North Carolina, with the filing of a three-page document entitled "Notice of Hearing," (Document #1 / Case No.: 06CVS01188) It appears from a reading of the document that Plaintiff Davis seeks to challenge the validity of a federal tax lien (and levy) imposed by the Internal Revenue Service

---

[1] Plaintiff's filing, which includes an attachment captioned, "Affidavit Of Non-Acceptance Of Removal From State Court," contains the following language in the prayer for relief, "Petitioner prays that: This action be remanded back to State Court, where it belongs . . ." (7-10-06 Response / Motion, at 5.)

1

("IRS") against Plaintiff's property, and rights to property belonging to Plaintiff. (Pl.'s Exh. A) The federal tax lien was executed and filed on December 10, 2004. The lien was authorized by "Cecelia G. Hill," a Revenue Officer with the IRS, and signed on Hill's behalf by "C. Sherwood" - the only named Defendant.[2]

Plaintiff's filing, which is less than cogent, cites numerous state and federal statutes, including N.C. Gen. Stat. §§44-68.10 through 44-68.17 (which adopts the Uniform Federal Lien Registration Act); Internal Revenue Code Sections 26 U.S.C. §§7403 (which authorizes the Government's enforcement of federal tax liens) and 6323(f) (which identifies the places for filing a notice of lien with respect to different types of property and the form of the notice); and the Uniform Commercial Code §§9-402 and 403 (dealing with secured transactions and priority).[3]

**II. Removal Is Proper**

Title 28, United States Code, Section 1442 provides for removal to a United States District Court from a State court under the following circumstances:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or

---

[2] The Court agrees with the Government that the proper party here is the United States rather than the individual IRS employee, Cheryl Sherwood, acting in an official capacity on the agency's behalf. *See* Ferrel v. Brown, 847 F.Supp. 1524, 1526 (W.D.Wash. 1993) (*citing* Hawaii v. Gordon, 373 U.S. 57, 58 (1963)("The general rule is that if relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.")) To the extent Plaintiff alleges Sherwood was acting in an individual capacity, Sherwood is entitled to qualified immunity. Kyler v. Everson, 442 F.3d 1251, 1252 (10th Cir. 2006) (*citing* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The Court also rejects Plaintiff's argument that the U.S. Department of Justice ("DOJ") lacks standing. *See* 28 U.S.C. §517.

[3] Notwithstanding the citation of authority, Plaintiff fails to articulate facts in any meaningful way in support of any given cause of action.

punishment of criminals or the collection of revenue.

28 U.S.C. §1442(a)(1). Because Plaintiff asserts a cause of action based upon conduct of the Internal Revenue Service, namely, its efforts to collect revenue by imposing a federal tax lien on Plaintiff's property, Section 1442(a)(1) authorizes removal to the federal court. For this reason, removal of this action to the U.S. District Court is proper and Plaintiff's motion for remand must be <u>denied</u>.

### III. Lack Of Subject Matter Jurisdiction / Fed. R. Civ. P. 12(b)(1)

The Government moves for dismissal on multiple grounds. The Government first alleges the Court lacks jurisdiction over the subject matter of Plaintiff's action. Notwithstanding proper removal, absent an express and unequivocal waiver of sovereign immunity by the United States, the Court lacks subject matter jurisdiction over Plaintiff's action. *See* <u>United States v. Testan</u>, 424 U.S. 392, 398 (1976) (claimant must look beyond the jurisdictional statute for a waiver of sovereign immunity). The Government states in its memorandum that "[t]he <u>plaintiff has not identified</u> any particular statute waiving sovereign immunity . . . " (Def.'s Mem. In Supp. at 4.)(*emphasis added*) While Davis does not address the question of sovereign immunity, the Court takes judicial notice of two (2) possible bases to support a finding of statutory waiver by the United States.

The Quiet-Title Act, 28 U.S.C. §2410(a)(1)[4] allows a suit to determine title to real or personal property on which the United States has or claims a lien. <u>Harrell v. United States</u>, 13 F.3d

---

[4] In an action to quiet title under Section 2410(a)(1):

"The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. . ."

28 U.S.C. §2410(a)(1) and (b).

232, 233-34 (7th Cir.1993) (Quiet-Title Act waives sovereign immunity). Under Harrell, the nature of the relief sought determines whether the action is cognizable. Harrell, 13 F.3d at 235. As the Seventh Circuit explained, if the claimant is concerned with the tax assessment that prompted the lien or levy, his remedy is to challenge the assessment in the Tax Court. Id. at 234; Mowrey v. In Rem "Notice of Lien" Filed by Bea S. Ward, 2001 WL 565177, *2 (W.D.N.C.) (sovereign immunity is only waived to the extent the taxpayer is challenging the levy as a method of collection as opposed to the taxes sought to be collected). In the context of levy, there are additional limitations on Plaintiff's ability to seek redress through the Quiet-Title Act.[5]

Plaintiff Davis must also contend with the Anti-Injunction Act, which prohibits a suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. §7421. The purpose of the Anti-Injunction Act is "to allow the government to collect taxes with a minimum amount of judicial intervention." Mowrey, 2001 WL 565177, *2 (*citing* O'Day Equip., Inc. v. U.S., 454 F.Supp.444 (D.C.N.C. 1978). Therefore, any challenge to the tax assessment itself is barred by the Anti-Injunction Act. Id., 2001 WL 565177, *3 (*quoting* Harrell, 13 F.3d at 235 ) ("if the action is really a suit to challenge [Davis's] tax liability rather than to challenge merely the means for enforcing that liability, it is both outside the scope of the quiet-title act and barred by the anti-injunction act.")

In this case, Davis generally describes the recording of the tax lien as "an attempt to abrogate [his] due process rights." (Compl., at 2.) Davis also submits a six-page "Declaration Of Fact &

---

[5] Only wages already earned by Plaintiff, but not yet paid to the Government, give rise to a quiet-title action. Harrell, 13 F.3d at 234. Once wages are paid to the Government, the taxpayer's remedy is to seek a refund. Id. Since the action Davis complains of occurred in 2004, presumably, the Government has already recovered some of Plaintiff's wages.

Memorandum Of Law," which appears to be aimed at challenging the procedures used in filing a Notice of Lien. (Pl.'s Exh. A) In addition to complaints about procedure, multiple references to the Internal Revenue Services's lack of authority over, and inability to file a federal tax lien against "the private man" may be found within the declaration. (Pl.'s Exh. A, ¶¶7,8, 10, 11, 13, 18, 22) Similar to the facts in Harrell, Plaintiff questions the ability of the United States to tax a private citizen as well as the lien or levy itself.[6] Harrell, 13 F.3d at 235 (action did not fall within Quiet-Title Act's waiver of sovereign immunity where plaintiff alleged that Congress lacked constitutional authority over citizens of the United States for purposes of levy). This type of challenge to the Government's ability to collect taxes is precluded by the United States' sovereign immunity as well as the Anti-Injunction Act.

If the Anti-Injunction Act were not a bar to any portion of Plaintiff's claim, another potential basis for a finding of waiver is 26 U.S.C. §7432 of the Internal Revenue Code.[7] Section 7432 creates a cause of action against the United States for damages based on the failure to release a tax lien. Mowrey, 2001 WL 565177, *2. Prior to the commencement of a civil action, however, the taxpayer asserting a claim under §7432 must first exhaust administrative remedies within the IRS. Id. (dismissing action for lack of subject matter jurisdiction where plaintiff did not exhaust administrative remedies). There is nothing within Plaintiff's filings to indicate what measures, if

---

[6] In its current form, Plaintiff's Complaint is likely subject to dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because even if construed liberally, the document reads nonsensically.

[7] 26 U.S.C. §7432 provides in part:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

any, Plaintiff has taken to administratively challenge imposition of the tax lien.

For these reasons, the Court does not have subject matter jurisdiction over Plaintiff's claims with respect to the underlying tax assessment.

**IV. Lack Of Personal Jurisdiction / Fed. R. Civ. P. 12(b)(2)**

The Government also contends that insufficiency of service of process deprives the Court of personal jurisdiction. Indeed, Plaintiff Davis did not properly serve the United States. Under Rule 4(i), the United States must be served in the following manner: (1) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and / or agency of the United States being sued. Thus, Plaintiff must serve a copy of the summons and complaint on the U.S. Attorney for the appropriate district, the U.S. Attorney General, and the individual officer or employee, or federal agency in order to successfully effect service on the United States.

Here, Plaintiff did not serve either on the U.S. Attorney for this district or the U.S. Attorney General. Since insufficiency of service of process can be cured, however, dismissal <u>without prejudice</u> is appropriate. *See generally,* Fed. R. Civ. P. 4(m) (prescribing dismissal without prejudice where service is not accomplished in 120 days of service of Complaint); <u>Turner v. United States</u>, 203 Fed. Appx. 952, 954 (11th Cir.2006) (abuse of discretion where district court dismissed *pro se* plaintiff's action challenging IRS levy *with* prejudice as a result of insufficiency of service of process).

### V. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion For Remand is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion To Dismiss is hereby **GRANTED**. Plaintiff's allegations with respect to the underlying tax assessment giving rise to federal tax lien and / or levy are **DISMISSED WITH PREJUDICE** due to lack of subject matter jurisdiction. To the extent any claims remain based upon the actual collection mechanisms (lien and / or levy), Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** based upon lack of personal jurisdiction due to insufficiency of service of process.

Signed: March 30, 2007

Richard L. Voorhees
United States District Judge